PEARL PATE NANTZ v. IVEY LEE NANTZ, RAY STYLES AND
VICK STYLES.

(Filed 20 September, 1961.)

**Automobiles § 41i—**

Evidence that the driver of the car in which plaintiff was riding as
a passenger was traveling at a speed within the statutory maximum and
struck a car entering the highway from a filling station, that he applied
brakes 65 to 70 feet prior to the collision, without evidence that the car
had entered the highway prior to the time the brakes were applied or
that a prudent driver should have anticipated that it would be driven
into the highway in violation of G.S. 20-156, is insufficient to be submitted
to the jury.

APPEAL by plaintiff from *Craven, S.J.*, Special May 1961 Term of
McDOWELL.

Plaintiff, wife of defendant Nantz, seeks damages for personal in-
juries sustained in a collision between her automobile, operated by
her husband, and an automobile owned by Ray Styles, operated by
defendant Vick Styles. Plaintiff alleges the collision was caused by
the joint and concurrent negligence of the respective drivers. The
negligence alleged against defendant Nantz is (1) speed in excess of
what was reasonable and prudent under existing conditions, (2) fail-
ure to keep the motor vehicle under control and reduce speed, and (3)
failure to keep a proper lookout. Defendant Nantz denied plaintiff's
allegations of negligence as to him. He pleaded the negligence of Styles
as the sole proximate cause of the collision.

The record contains no answer or other pleading by defendants
Styles. It does not definitely appear that they have been served.

At the conclusion of plaintiff's evidence the court allowed the motion
of defendant Nantz to nonsuit. Plaintiff excepted and appealed.

*Thomas E. White for plaintiff appellant.*
*W. Harold Mitchell for defendant Ivey Lee Nantz.*

PER CURIAM. Plaintiff's automobile was traveling northwardly on
a paved highway at a speed of 50 m.p.h. in a 55-mile speed zone. The
road was straight. The weather was dry and clear. The collision oc-
curred shortly after 8:00 a.m. The Styles car came from a filling sta-
tion on the east side of the highway. Plaintiff saw the Styles car start
to move. "It was moving out towards the road very, very slowly."
She advised her husband to blow the horn. He did so.

There was a bag of candy on the seat between plaintiff and her
husband. He and she were eating from the bag when she observed

the Styles car. Her husband continued to eat therefrom. Skid marks showed defendant Nantz applied his brakes 65 to 70 feet prior to the collision. There was no evidence to show the Styles car had entered the highway prior to that time nor was there evidence to show that a prudent driver should have anticipated that Styles would enter the highway in violation of G.S. 20-156(a).

Plaintiff's evidence fails to establish her allegations of negligence. *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111.

Affirmed.